******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL COSTELLO ET AL. *v.* YALE-NEW HAVEN
HEALTH SERVICES CORPORATION
(AC 37493)

Beach, Alvord and Keller, Js.

*Submitted on briefs September 14—officially released December 1, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Sommer, J. [motion to strike]; Kamp, J.
[motions to strike, for judgment; judgment].)

*Gary A. Mastronardi* filed a brief for the appellants (plaintiffs).

*Daniel E. Ryan III* and *Joanne P. Sheehan* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, Michael Costello and Dominic Costello, as individuals and as coexecutors of the estate of Anna Josephine Costello (decedent), appeal from the judgment of the trial court rendered following the granting of the motion filed by the defendant, Yale-New Haven Health Services Corporation, to strike the second count of the substitute complaint.[1] On appeal, the plaintiffs claim that the court "erred in granting the defendant's motion to strike [the] plaintiffs' common-law claim of negligent infliction of emotional distress . . . ." We disagree and affirm the judgment of the trial court.

The following procedural history, and facts as alleged in the substitute complaint, are relevant to the plaintiffs' appeal. The plaintiffs are the sons of the decedent. On June 1, 2011, she was transported by ambulance to the defendant's facility, Bridgeport Hospital. At the time the decedent was admitted, she was in the possession of six rings, with an alleged value of approximately $25,000, which "were of deep emotional and sentimental value to her . . . ." Due to the severity of the decedent's medical condition, she was transferred to the intensive care unit of the hospital, where she died the following morning. It was alleged that "while still in hospital custody, all six of the decedent's rings disappeared mysteriously under circumstances which strongly indicated that they had been stolen."

The plaintiffs commenced this action on December 14, 2012, with a four count complaint against the defendant alleging negligence, negligent infliction of emotional distress, reckless infliction of emotional distress, and intentional infliction of emotional distress. On March 12, 2013, the defendant filed a motion to strike the three emotional distress counts of the complaint, claiming that Connecticut does not recognize a cause of action for emotional distress arising from a loss of property. Before the motion was heard by the court, the plaintiffs filed an amended complaint that eliminated only the count that had alleged reckless infliction of emotional distress.

On April 23, 2013, the defendant filed another motion to strike. It moved to strike counts two and three of the amended complaint, which alleged negligent and intentional infliction of emotional distress. The defendant reasserted its claim that the emotional distress counts were legally insufficient because Connecticut does not recognize such actions arising out of a loss of property. The court, *Sommer*, *J.*, granted the defendant's motion as to both remaining emotional distress counts, concluding that "[t]he claims which the plaintiffs assert in counts two and three are deficient as a matter of law because an individual may not recover emotional damages for loss of property. Even if the

court were able to conclude that the plaintiffs' claims were not solely related to the loss of property, their claim nevertheless fails because it would be one for emotional damages due to the loss of property owned by a third party.''

On December 27, 2013, the plaintiffs filed a two count substitute complaint, alleging negligence in count one and negligent infliction of emotional distress in count two. The defendant filed its third motion to strike the emotional distress claim, alleging that the plaintiffs merely had repleaded the same cause of action that already had been determined to be legally insufficient as a matter of law. The court, *Kamp, J.*, heard oral argument on July 28, 2014, and granted the defendant's motion to strike count two of the substitute complaint at that time. In the court generated notice of its decision issued on July 28, 2014, the court stated that it adopted the well reasoned decision of Judge Sommer in her ruling on the prior motion to strike. The plaintiffs subsequently withdrew their negligence count and moved for judgment, which was granted by the court, *Kamp, J.*, on December 15, 2014. This appeal followed.

We have carefully reviewed the claims of the plaintiffs, the record, the transcript of the July 28, 2014 hearing, the briefs of the parties, as well as the applicable law, and we conclude that the plaintiffs' claims on appeal are without merit.[2]

The judgment is affirmed.

[1] After the court struck the second count of the substitute complaint, the plaintiffs withdrew the first count against the defendant and moved for judgment.

[2] The present case falls within the general rule disallowing such claims. See *Myers* v. *Hartford*, 84 Conn. App. 395, 402, 853 A.2d 621, cert. denied, 271 Conn. 927, 859 A.2d 582 (2004).